UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT<br><br>v.<br><br>JUNIOR JUMPP | No. 3:20-cv-00936 (KAD)<br><br><br><br>July 13, 2020 |

## ORDER FOR SUMMARY REMAND

Kari A. Dooley, United States District Judge:

Junior Jumpp ("Jumpp"), a defendant in a pending criminal case in the Connecticut Superior Court, filed a notice of removal seeking to remove his prosecution to federal court. Jumpp asserts that the State of Connecticut has violated his constitutional rights and invokes, *inter alia*, 28 U.S.C. § 1443 as the basis for removal. Because the removal is both untimely and without adequate grounds, pursuant to 28 U.S.C. § 1455(b)(4), summary remand is mandated.

**Legal Standard**

Federal law permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). "[A] removal petition under 28 U.S.C. s 1443(1) must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id*. (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Id*.

(quotation marks omitted). "This provision normally requires that the 'denial be manifest in a formal expression of state law,' . . . such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id*. (quoting *Rachel*, 384 U.S. at 803, 799).[1]

"In order to properly remove a criminal case, a defendant must file a notice of removal 'signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.'" *Connecticut v. Hull*, No. 3:17-R-00001 (VLB), 2018 WL 460977, at *2 (D. Conn. Jan. 17, 2018) (quoting 28 U.S.C. § 1455(a)). The notice of removal must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The district court must "examine the notice promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*. § 1455(b)(4).

**Discussion**

Jumpp seeks to remove to this Court the criminal case bearing docket number H15N-CR19-0321308-S in the Superior Court for the Judicial District of New Britain. (*See* Notice of Removal ¶ 1, ECF No. 1.) According to the Superior Court docket attached to the Notice of Removal,

---

[1] The statute also provides for removal of a criminal prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has held that the first phrase of subsection (2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights," while the second phrase applies only to state officers. *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966). These provisions are therefore not available to Jumpp. In addition, Jumpp's removal petition cites 28 U.S.C. §§ 1441 and 1446 but these statutes provide only for the removal of civil actions over which the federal court has original jurisdiction and are thus inapposite.

Jumpp was arraigned on one count of tampering with physical evidence and one count of second-degree forgery on or about June 6, 2019, over one year ago.  As noted, the removal statute requires that the notice of removal "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, *whichever is earlier*." 28 U.S.C. § 1455(b)(1) (emphasis added).  Jumpp's notice of removal is therefore untimely and the Court sees no basis upon which to permit the removal at this late juncture.  *See, e.g.*, *Connecticut v. Marshall*, No. 3:15-R-00002 (JCH), 2015 WL 4723015, at *2 (D. Conn. Aug. 10, 2015) (finding notice of removal untimely where it was filed more than 30 days after the criminal defendant's arraignment but before he had gone to trial in the Superior Court).

Even if timely filed, however, the grounds cited for removal in the notice do not fall within the narrow ambit of Section 1443(1).  Jumpp alleges that the Assistant State's Attorney responsible for his case suffers from a conflict of interest due to, *inter alia*, her role as a potential witness in the same criminal case, and by virtue of her close working relationship with the alleged victim in another pending criminal case, who is also an Assistant State's Attorney.  (Notice of Removal ¶¶ 6–10.)  Jumpp further alleges that he has been incarcerated pending trial for nearly a year and a half and that the State has violated his Sixth Amendment right to a speedy and public trial.  (*Id.* ¶ 11.)  He seeks reassignment "to a federal prosecutor who has no relationship with these state prosecutors," asserting that he cannot receive a fair trial in the Superior Court.  (*Id.* ¶ 12.)

"Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not" satisfy the first step of the showing required under Section 1443(1).  *Johnson*, 421 U.S. at 219.  Because Jumpp "has not shown that the right[s] allegedly denied to him arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality,'" *Marshall*, 2015

WL 4723015, at *2 (quoting *Johnson*, 421 U.S. at 219), his general allegations of prosecutorial impropriety are insufficient to warrant removal under the statute. *See also City of Greenwood*, 384 U.S. at 827–28 ("It is not enough to support removal under s 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court"). Nor do Jumpp's "broad contentions under the Sixth Amendment . . . meet this requirement." *Marshall*, 2015 WL 4723015, at *2 (quotation marks and citation omitted); *see also Hull*, 2018 WL 460977, at *2 (D. Conn. Jan. 17, 2018) ("Removal has . . . been found substantively defective where a notice of removal did not reference any civil rights law providing for racial equality and petitioner generally alleges Fifth and Sixth Amendment violations").

**Conclusion**

For the foregoing reasons, the Court concludes that this matter was not properly or timely removed. The case is hereby REMANDED to the Superior Court for the Judicial District of New Britain pursuant to 28 U.S.C. § 1455(b)(4).

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of July 2020.

                                      */s/ Kari A. Dooley*
                                      KARI A. DOOLEY
                                      UNITED STATES DISTRICT JUDGE